IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUSTAFA AWAD, #1017355,     Plaintiff, | § § § | |
| v. | § § § § | 3:12-CV-0600-D (BK) |
| JACOBY HOSPITAL,     Defendant. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed with prejudice as frivolous.

### I. BACKGROUND

Plaintiff, a Texas state inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, naming as Defendants Jacoby Hospital and John Doe Doctors at Jacoby Hospital in Bronx, New York. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.

Plaintiff alleges that he is the "victim of medical malpractice (mayhem) crime on [his] left priceless testicle," which took place at Jacoby Hospital in 1982, when he was twenty years old. (Doc. 3 at 4.) He asserts Defendants removed his left testicle without his consent, and gave it to somebody else. *Id.* For relief, he requests an investigation and the filing of criminal charges. *Id.*

In November 2009, Plaintiff filed a virtually identical complaint against the same Defendants. *Awad v. Jacoby Hospital, et al.*, No. 3:09-CV-2275-G (N.D. Tex., Dallas Div.).

After noting the near illegibility of Plaintiff's pleadings, which is the same in this case, the Court dismissed the complaint as frivolous because the section 1983 claims lacked an arguable basis in law, and the state medical malpractice claims described fantastic or delusional scenarios and were barred by the statute of limitations. *Awad v. Jacoby Hospital, et al.*, 2010 WL 1369759 (N.D. Tex. Mar. 8, 2010), *recommendation accepted*, 2010 WL 1369748 (N.D. Tex. Apr. 2, 2010). Plaintiff did not appeal.

## II.  DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action brought by a plaintiff proceeding *in forma pauperis* is also frivolous when it seeks "to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

The allegations in this case duplicate the claims pursued in Plaintiff's prior action against Jacoby Hospital and the John Doe doctors and, thus, are frivolous. Consequently, Plaintiff's complaint should be dismissed with prejudice.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED** with

prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

SIGNED March 30, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.